# United States District Court

_____MIDDLE_____ DISTRICT OF _____ALABAMA_____

UNITED STATES OF AMERICA

v.

WILLIE JOE HALL

**CRIMINAL COMPLAINT**

CASE NUMBER: 2:07mj89-SRW

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. From in or about <u>September</u>, 2007 until on or about October 5, 2007 in <u>Montgomery</u> county within the _____<u>Middle</u>_____ District of _____<u>Alabama</u>_____ and elsewhere, the defendant(s),

did conspire to possess with the intent to distribute and to distribute 500 grams or more of cocaine hydrochloride, a Schedule II Controlled Substance,

in violation of Title ___21___ United States Code, Section(s) _846_. I further state that I am a(n) __DEA Special Agent__ and that this complaint is based on the following facts:
      Official Title

SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED BY REFERENCE

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

October 9, 2007                            at    Montgomery, Alabama
Date                                                  City and State

Susan Russ Walker, U. S. Magistrate Judge            _____
Name & Title of Judicial Officer                           Signature of Judicial Officer

ATTACHMENT 1
AFFIDAVIT IN SUPPORT OF A
COMPLAINT AND ARREST WARRANT

1. I, John Bret Hamilton, a Special Agent of the Drug Enforcement Administration, United States Department of Justice, being duly sworn, deposes and states the following:

APPLYING OFFICER

2. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code. I am empowered by law to conduct investigations of and to make arrests for the offenses enumerated in Section 2515, Title 18, United States Code.

3. For approximately twelve (12) years I have been so employed as a Special Agent of the DEA. Since that time, I have participated in investigations involving organized crime and narcotics activities. I, along with members of the investigative team working on this investigation have received specialized training in identifying and investigating narcotics distribution enterprises and their related criminal activities, including monetary and asset laundering. I, along with members of this investigative team have participated in all or parts of a number of such investigations. Members of this investigative team have gained investigative specialization in the area of methamphetamine, cocaine, marijuana, and/or poly-drug conspiracies. I, along with members of the investigative team have received in-service continuing professional education in this area of law enforcement and review agency and other publications to stay abreast of developments in this field of law enforcement.

INTRODUCTION

4. This affidavit is submitted in support of a complaint and arrest warrant. It is my opinion and the opinion of the investigative team as experienced, trained narcotics investigators, that Willie Joe HALL has violated 21 U.S.C. 846 (conspiracy to posess with intent to distribute/distribution of controlled substances).

5. Since this affidavit is being submitted for the limited purpose of securing authorization for the acquisition of a complaint and arrest warrant, I have set forth only the facts that I believe provide a necessary foundation for the issuance of the complaint and arrest warrant for the listed and described location.

6. The statements contained in this affidavit are based in part on information provided by Special Agents of the Drug Enforcement Administration, by information provided by Louisiana State Troopers, a Tangijpahoa Parrish, Louisiana Sheriff's Deputy, and with members of the investigative team.

CURRENT INVESTIGATION

7. During the early morning hours of 05 October, 2007, Louisiana State Trooper Jason Lamarca stopped a 2008 Chevy Malibu for improper lane usage. The Malibu was traveling east on Interstate 12 near mile marker 39 in Tangijpahoa Parrish and was operated by Willie Joe HALL. After issuing HALL a citation, Trooper Lamarca asked HALL for permission to search his vehicle for drugs. HALL declined permission and a narcotics detection K-9, handled by Tangijpahoa Parrish Sheriff's Deputy Tom Ferrand was allowed to walk around the outside of the vehicle. As the K-9 walked to the rear of the vehicle, it indicated the presence illegal narcotics in the truck of the vehicle, as recognized by its handler.

8. Trooper Lamarca and Deputy Ferrand searched the trunk of the vehicle and located three kilograms of suspected cocaine hydrochloride (hcl) hidden in a stereo speaker which was inside its original container. After locating the suspected cocaine hcl, HALL was taken into custody and informed of his Miranda rights by Sergeant Thomas Noto, another Louisiana State Trooper. HALL stated that he obtained the cocaine from a Mexican in Laredo and that he was delivering the drugs to a Michael Coleman of Montgomery, AL.

9. HALL also explained that this was not his first delivery to Coleman. HALL stated that he delivered two kilograms of cocaine hcl to Coleman on one other occasion approximately one month ago to Coleman's residence in Montgomery.

10. HALL further explained that the last time he delivered the two kilograms of cocaine hcl to Coleman, he entered the house at Vista View in Montgomery where Coleman took possession of the drugs. HALL then left the residence, checked into a hotel in Montgomery and waited for Coleman to call him. HALL explained that after a couple of hours, Coleman called him and HALL met Coleman back at Coleman's house in Vista View where Coleman paid him $1,500.00 for delivering the drugs.

11. HALL then gave specific driving instructions to Coleman's house. Following these instructions, on 05 October, 2007, Drug Enforcement Administration Special Agent Devin Whittle and DEA Task Force Agent Eddie Spivey drove to the Vista View Subdivision and identified 911 Montero Drive, Montgomery, AL as Coleman's house.

12. Under the supervision and direction of your affiant, HALL attempted to deliver the 3 kilograms of cocaine hcl to Coleman at Coleman's residence in Vista View. When HALL arrived at Vista View, Coleman stated to HALL that he didn't want to "unload it here" and instructed HALL to follow him to Sheridian Heights because it's "cooler" there. Coleman then entered his truck and began to drive

away followed by HALL. As Coleman pulled onto Vista View Drive, less than a quarter of a mile from his house, SA Neil Thompson and TFA John Hurst stopped their vehicles several feet in front of COLEMAN'S and motioned for COLEMAN to stop. All agents were equipped with vest which identified them as police as they announced for COLEMAN to stop. COLEMAN stopped was taken into custody without incident. [handwritten edits: "was" and "and"]

13. Wherefore, your affiant respectfully requests that based upon the facts and circumstances set forth herein, probable cause exists that HALL and other co-conspirators have committed a violation of Title 21, United States Code, Section 846.

_____
John Bret Hamilton, Special Agent
Drug Enforcement Administration
Affiant


Sworn to and subscribed by me this the 9th day of October, 2007.

_____
United States Magistrate Judge

3